IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 06-0144-1 JSW |
| v. | |
| RENATO MENDOZA MEDINA, PHYLLIS REYES CUISON, and RAWLIN CUNDANGAN REYES, | **ORDER DENYING MOTION TO DISMISS COUNT ONE OF THE SUPERCEDING INDICTMENT** |
| Defendants. | |

Now before the Court is a motion to dismiss filed by defendant Phyllis Reyes Cuison ("Cuison"). Defendants Renato Mendoza Medina ("Medina") and Rawlin Cundangan Reyes ("Reyes") join in that motion. Having carefully reviewed and considered the parties' papers, their arguments, and the relevant legal authority, the Court finds the matter suitable for disposition without oral argument. The Court hereby DENIES the motion to dismiss. This matter remains on calendar for a status hearing on November 28, 2006.

**BACKGROUND**

On May 17, 2006, a grand jury returned an indictment charging Medina, Cuison, and Reyes, *inter alia,* with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (Superceding Indictment ("Indictment"), Count 1.)[1] The Government alleges in the Indictment that, beginning in February 1999 and continuing until the date of the indictment, Medina, Cuison, Reyes, "and others knowingly and intentionally conspire[d] to defraud the United

---

[1] The Indictment also charges Medina with several counts of tax evasion and making and subscribing false tax returns. Medina has not moved to dismiss these counts.

States, by attempting to defeat and obstruct the lawful functions of the IRS in the ascertainment, computation, assessment and collection of revenue, namely federal income taxes owed by Lucky Chances, and Medina through deceit, craft, trickery and dishonest means." (Indictment, ¶ 4.) In the Indictment, the Government sets forth the manner and means by which the defendants carried out the alleged conspiracy. (*Id.* at ¶¶ 5-15). The Government also sets forth 54 overt acts committed by one or more of the defendants in furtherance of the alleged conspiracy to defraud the United States. (*Id.* at ¶¶ 16-63.) Defendants move under Federal Rule of Criminal Procedure 12(b)(2) to dismiss Count One of the indictment as insufficient for failing to provide adequate notice of the charge.

**ANALYSIS**

**A.     Legal Standard.**

An indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "In judging the sufficiency of the indictment, [the district court] must determine whether it adequately alleges the elements of the crime and whether [the defendant] was fairly informed of the charge against him, so that he can defend himself against the charge and plead double jeopardy against subsequent prosecution." *United States v. Musacchio,* 968 F.2d 782, 787 (9th Cir. 1991); *see also United States v. Morlan,* 756 F.2d 1442, 1444 (9th Cir. 1985). "In ruling on a pre-trial motion to dismiss the indictment for failure to state an offense, the district court is bound by the four corners of the indictment . . . [and] must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002). "The indictment should be read as a whole and construed according to common sense." *Echavarria-Olarte v. Reno,* 35 F.3d 395, 397 (9th Cir. 1994). The government need only allege the essential facts necessary to apprise the defendant of the crime charged but need not allege the theories or evidence upon which the government will rely to prove those facts. *United States v. Cochrane,* 985 F.2d 1027, 1031 (9th Cir. 1993); *accord United States v. Ors,* 997 F.2d 628, 629 (9th Cir. 1993).

**B.     The Indictment Sufficiently Informs the Defendants of the Crime Charged.**

Defendants contend that the Government's use of the phrase "and/or" in its allegations with respect to the overt acts charged prevents them from preparing a defense.[2] (Mot. at 6.) Defendants argue that the "style of 'and/or' pleading is vague, and leaves the defense guessing about the government's theory of the case." (*Id.*) For example, one of the overt acts is described as follows: "In or about October 2000, Medina and/or Cuison did cause employees of Suburban House to go to Medina's Atherton home, view the floor plan, and take measurements." (Indictment, ¶ 17.) Defendant Cuison argues that assuming in every allegation that uses "and/or Cuison, . . . the government settles on a theory at trial or its proof at trial is that Medina committed those acts, then by virtue of its own charging document Cuison is not guilty." (Mot. at 6.) Thus, defendants argue, the indictment fails to notify them of the conduct against which each of them must defend. (*Id.* at 3.) This argument without merit.

Pursuant to 18 U.S.C. § 371, "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any other agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." The elements of this offense are: "(1) the accused entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." *United States v. Caldwell,* 989 F.2d 1056, 1059 (9th Cir. 1993). The Government sufficiently alleges all of these elements against each defendant.

With respect to the first three elements, the indictment alleges that:

> Beginning in approximately February 1999, and continuing until the date of the indictment, the defendants Renato Mendoza Medina, a/k/a Rene Mendoza Medina, Phyllis Reyes Cuison, a/k/a Phyllis Cundangan Reyes, and Rawlin Cundangan Reyes, and others did knowingly and intentionally conspire to defraud the United States, by attempting to defeat and obstruct the lawful functions of the IRS in the ascertainment, computation, assessment and

---

[2] To the extent that by joining in Cusion's motion, Medina and Reyes adopt Cuison's arguments set forth therein, the Court refers collectively to all defendants when addressing those contentions.

3

collection of revenue, namely federal income taxes owed by Lucky Chances, and Medina through deceit, craft, trickery and dishonest means.

(Indictment, ¶ 4.)

The plain purport of this allegation is that each defendant willingly entered into an agreement to obstruct a lawful function of the government through deceit or dishonest means. In the Indictment, the Government identifies the government agency, the Internal Revenue Service ("IRS"), and also identifies the lawful function of the IRS that defendants are charged with impeding, "the ascertainment, computation, assessment and collection of revenue, namely federal income taxes owed by Lucky Chances, and Medina." (*Id.*) Although the Government alleges the third element by stating that the defendants used "deceit, craft, trickery and dishonest means," the Government also alleges ample facts describing the manner in which the defendants allegedly used dishonest means to defraud the IRS. (*Id.* at ¶¶ 5-15.) For example, the Government alleges several overt acts asserting that one or more of the defendants established bank accounts under fictitious company names, drew checks from Lucky Chances' business account payable to these company names, and improperly deducted these payments as "ordinary and necessary business" expenses on Lucky Chances' tax forms. (*Id.* at ¶¶ 6-15, 25-57.) Furthermore, the Government alleges that one or more of the defendants drew checks from Lucky Chances to pay a company that performed home improvement work on Medina's house and alleges that Medina improperly claimed these expenses as ordinary and necessary business expenses on Lucky Chances' tax forms. (*Id.* at ¶¶ 9, 16-24.) These allegations provide sufficient notice that the defendants impeded the collection of federal income taxes owed by Lucky Chances through deceit and dishonest means by creating bank accounts under false company names, causing checks to be made payable to these company names, and claiming personal expenses as ordinary and necessary business expenses on tax forms for Lucky Chances. Thus, the indictment sufficiently alleges the first three elements of the charged offense.

Defendants' contention that the Indictment is insufficiently precise rests primarily on the "overt act" element. (Reply at 3.) "[A]n overt act of one partner may be the act of all without any new agreement directed to that act." *Pinkerton v. United States,* 328 U.S. 640, 646-47 (1946). In order to be convicted of a conspiracy under 18 U.S.C § 371, a defendant need not

personally commit the overt act in furtherance of the conspiracy so long as one of the co-conspirators did so. *Marino v. United States,* 91 F.2d 691, 694-95 (9th Cir. 1937); *see also Nelson v. United States,* 66 F.3d 1036, 1044 (9th Cir. 1995). The overt act need not be itself a criminal act so long as it is done in furtherance of the conspiracy. *Chavez v. United States,* 275 F.2d 813, 817 (9th Cir. 1960). "Among the elements required to support a conspiracy conviction is proof of only one overt act in furtherance of the illegal purpose." *United States v. Lyman,* 592 F.2d 496, 500 (9th Cir. 1978).

Here, the Government alleged 54 overt acts in furtherance of the conspiracy to defraud the United States. (Indictment, ¶¶ 16-63.) With respect to Cuison, the Government specifically alleges that "[o]n or about January 23, 2001, Cuison did cause Suburban House employees to draft a letter addressed to Lucky Chances requesting payments in the amount of $180,000 for 'consultation and remodeling of Lucky Chances' when in fact the consultations and remodeling had been for Medina's Atherton home." (*Id.* at ¶ 20.) It further alleges that "[o]n or about May 9, 2001, Cuison did cause Suburban House employees draft a letter addressed to Lucky Chances requesting payments in the amount of $65,161.00 for 'consultations and remodeling of Lucky Chances,' when in fact Suburban House had performed work for Medina's personal home in Atherton." (*Id.* at ¶ 22.) Thus, the Government sufficiently alleges each element of the offense against Cuison.

Similarly, with respect to Medina, the Government alleges numerous overt acts in furtherance of the conspiracy committed by Medina alone. For example, the Government charges that "Medina improperly deducted or caused to be improperly deducted approximately $245,161.000 of the payment from Lucky Chances to Suburban House as an ordinary and necessary business expense on the Form 1120S of Lucky Chances for the tax year 2001." (*Id.* at ¶ 24.) Thus, the Government sufficiently alleges each element of the offense against Medina. Although all allegations of overt acts with respect to Reyes are in the form of an "and/or" allegation, the Government need not allege that Reyes personally committed an overt act in furtherance of the conspiracy because there are sufficient allegations that Reyes entered into the conspiracy (*Id.* at ¶ 4.) and, that one of the co-conspirators, including Reyes, committed overt

5

acts after Reyes entered into the conspiracy (*Id.* at ¶¶ 33-39). *See Nelson,* 66 F.3d at 1044 (recognizing that an allegation of one overt act committed by one co-conspirator is needed to support a conspiracy charge.) Thus, the allegations against Reyes are sufficient to notify him of the charge against which he must defend, *i.e.,* a violation of 18 U.S.C. § 371.

Cuison's further contention that the allegations which state "Medina and/or Cuison" or "Reyes, Medina and/or Cuison" committed specific overt acts in furtherance of the conspiracy renders the Indictment insufficient is without merit. The Government is required only to allege the necessary facts to apprise the defendants of the *crime charged* and to enable the defendants to plead double jeopardy for future prosecutions of the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974); *Morlan,* 756 F.2d at 1444 (emphasis added). Cuison argues that the Indictment can "easily be interpreted as Medina committing these acts himself, which would thereby absolve Cuison's participation." (Reply Br. at 4.) This argument overlooks the well-settled principle that a defendant in a conspiracy charge need not personally commit the overt act so long as another co-conspirator is alleged to have done so, as explained above. *Pinkerton,* 328 U.S. at 646-47; *Nelson,* 66 F.3d at 1044. Thus, even if the Court were to construe each allegation containing an "and/or" to exclude the defendant against which the allegation is used, the indictment would still be sufficient because any co-conspirator may commit the overt act, and only one overt act is needed to sufficiently charge a conspiracy under 18 U.S.C. § 371. *Marino,* 91 F.2d at 694-95; *accord Lyman,* 592 F.2d at 500 ("Among the elements required to support a conspiracy conviction is proof of *only one* overt act in furtherance of the illegal purpose.") (emphasis added).

Defendants also contend that the use of "and/or" to allege the overt acts "leaves the defense guessing about the government's theory of the case" and thereby "increases the likelihood of surprise at trial." (Mot. at 6.) However, defendants cite no case law to support their argument that the prosecution must inform them of its theory of the case. To the contrary, the government need only "provide the essential facts necessary to apprise the defendant of the crime charged; *it need not specify the theories or evidence upon which the government will rely to prove those facts*." *Cochrane,* 985 F.2d at 1031 (emphasis added). The Indictment informed

6

each defendant that he or she was charged with conspiring to defraud the United States, it set out the manner in which the defendants defrauded the IRS, and alleged numerous overt acts with sufficient particularity to provide notice to each defendant as to what each must defend against. Read as a whole and construed according to common sense, the Indictment is sufficient.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendants' motions to dismiss the indictment for insufficient notice of the crime charged.

**IT IS SO ORDERED.**

Dated: November 27, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE